# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-120-RAW |
| ) | (CR-05-081-RAW) |
| GWYENNE PHILLIPS, ) | |
| ) | |
| Petitioner/Defendant. ) | |

## ORDER

Before the Court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Petitioner was convicted on a charge of possession of a firearm by a convicted felon. Petitioner appealed his conviction, and the United States Court of Appeals for the Tenth Circuit affirmed. *See United States v. Phillips*, 468 F.3d 1264 (10th Cir.2006), *cert. denied*, 127 S.Ct. 1893 (2007).

Petitioner raises multiple claims. In an initial overarching assertion, petitioner appears to contend it is a *per se* conflict of interest for trial counsel to represent a defendant as appellate counsel, as took place here. Petitioner's argument is that counsel on appeal is unlikely to contend that his or her own performance as trial counsel was ineffective. The court finds this contention is obviated by the Tenth Circuit holding that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995). In complying with this principle, appellate counsel did not render ineffective assistance.

Petitioner cites other instances of purported ineffective assistance of counsel, either

at the trial or appellate level. These claims must be initially examined on the merits[1]. Under the two-part test established in *Strickland v. Washington,* 466 U.S. 668 (1984), the petitioner must establish that counsel's performance fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense." *Id.* at 688[2].

Encompassed within petitioner's first claim are numerous sub-claims of ineffective assistance by trial counsel, all based upon an acquaintanceship between counsel and Detective Tim Gibson of the Muskogee Police Department. The court finds that this issue was addressed adequately at the pretrial conference (outside the presence of government counsel) and Ground One is denied in its entirety.

Ground Two is that the district judge in the case (i.e., the undersigned) was biased. The court raised the issue of interstate commerce which resulted in dismissal of two counts of conviction against defendant, which would seem to countervail rather strongly against the allegation. In any event, the claim is without merit.

Ground Three is that the jury did not represent a fair cross-section of the community. The Eastern District's jury selection procedure complies with pertinent Supreme court precedent and statutory law. The court sees no basis to this ground either.

---

[1]"When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995). Appellate counsel's failure to raise an issue does not amount to constitutionally ineffective assistance if the issue is meritless. *Hawkins v. Hannigan,* 185 F.3d 1146, 1152 (10th Cir.1999).

[2]The *Strickland* standard applies to assessing the effectiveness of appellate counsel as well. *See United States v. Walling,* 982 F.2d 447, 449 (10th Cir.1992).

Finally, Ground Four is that petitioner's conviction was the result of cumulative errors of counsel. The court disagrees, and denies the petition on this ground as well. Likewise, petitioner has not made a sufficient demonstration to warrant an evidentiary hearing.

It is the Order of the Court that the motion of the Petitioner is hereby DENIED.

**ORDERED THIS  19th   DAY OF JUNE, 2008.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**